UNITED STATES DISTRICT COURT FOR THE
FEDERAL DISTRICT OF NEW JERSEY

Tymeer Reed                              :
593 S 11th St., Apt. 1        :
Newark, NJ 07103                         :      No._____
                        Plaintiff(s)     :
                                         :
v.                                       :
                                         :
Geico Indemnity Company                  :
One Geico Blvd.                          :      JURY TRIAL DEMANDED
Fredericksburg, VA 22412                 :
                        Defendant(s)     :

## COMPLAINT

### PARTIES

1. Plaintiff, Tymeer Reed, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

2. Defendant, Geico Indemnity Company, is a corporate entity authorized to conduct business in the State of Virginia, and regularly conducts business in New Jersey, with a business address at the address listed in the caption of this Complaint.

3. Defendant, Geico Indemnity Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the State of New Jersey, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action.

5. The Plaintiff, is a citizen, resident, and is domiciled in the State of New Jersey.

6. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

8. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

9. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

11. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

12. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Cape May County, New Jersey, which is in this federal judicial district.

13. On or about December 14, 2018, at approximately 9:30 p.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of Springfield St. & Bull St., in Irvington, NJ.

14. At or about the same date and time, tortfeasor, Mariemale Gratia, was the operator of a motor vehicle, which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

15. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision striking the Plaintiff's vehicle.

16. The aforesaid motor vehicle collision was caused by the tortfeasor negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

17. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of tortfeasor and not the result of any action or failure to act by Plaintiff.

18. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the right shoulder and left knee, as well as a cut on the left knee and a bump on the head due to airbags, as set forth more fully below.

## COUNT I
### Tymeer Reed v. Geico Indemnity Company
### Underinsured Motorists Coverage

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

   a. Striking Plaintiff's vehicle after proceeding through a stop sign without proper clearance;

   b. Failing to yield the right-of-way;

   c. Operating his/her vehicle into Plaintiff's lane of travel;

d. Failing to maintain proper distance between vehicles;

e. Operating said vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of plaintiff or others;

f. Failing to have said vehicle under proper and adequate control;

g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h. Violation of the "assured clear distance ahead" rule;

i. Failure to keep a proper lookout;

j. Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

k. Being inattentive to his/her duties as an operator of a motor vehicle;

l. Disregarding traffic lanes, patterns, and other devices;

m. Driving at a dangerously high rate of speed for conditions;

n. Failing to remain continually alert while operating said vehicle;

o. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    s.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

    t.    Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    u.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

21.    As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including to the right shoulder and left knee, as well as a cut on the left knee and a bump on the head due to airbags, all to Plaintiff's great loss and detriment.

22.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.    As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

26. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance, under Policy Number 4351-76-39-92 which included coverage for underinsured motorist coverage applicable to Plaintiff.

27. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Tymeer Reed, demands judgment in Plaintiff's favor and against defendant, Geico Indemnity Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc I. Simon, Esquire